# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

ELECTA BRANCH, as Administrator of the					PLAINTIFF
ESTATE OF WILLIE BRANCH, JR., Deceased

v.									No. 4:17CV00429 JLH

MATTHEW D. COX, M.D.							DEFENDANT

## OPINION AND ORDER

On July 7, 2015, Willie Branch, Jr., died following complications from a surgery. On July 5, 2017, acting on behalf of the Estate of Willie Branch, Jr., Electa Branch commenced this wrongful-death and survival negligence action against Matthew D. Cox. She alleges that Cox failed to provide competent medical care to Willie Branch both during and after the surgery. Cox moves for summary judgment, arguing that Electa Branch does not have standing to bring these claims and, as a consequence, Arkansas's two-year statute of limitations has now run. The motion is granted.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

Electa Branch was appointed administrator of the estate on September 25, 2015. On August 22, 2016, the Circuit Court of Mississippi County filed an order approving final distribution of estate assets and discharging Electa Branch as administrator of the estate. Electa Branch filed the

complaint in this suit on July 5, 2017. She later moved the Circuit Court of Mississippi County to reopen the estate *ab initio*. On October 31, 2017, the circuit court entered an order reopening the estate *ab initio*, citing the potential survival and wrongful-death claims.

Cox argues that Electa Branch does not have standing to assert the claims because at the time the complaint was filed, she was not the administrator of the estate. Electa Branch responds that because the estate was reopened *ab initio*, it is as though it were never closed and as though she were never discharged as the administrator. Accordingly, she maintains that she had and has standing to bring the claims.

Arkansas law sets a two-year statute of limitations on all medical-injury claims. Ark. Code Ann. § 16-114-203. If Electa Branch had standing to commence this action on July 5, 2017, then it was filed within the limitations period.

Arkansas's wrongful-death statute requires a wrongful-death action to be brought by and in the name of the personal representative of the deceased person or by the heirs at law of the deceased person. Ark. Code Ann. § 16-62-102(b). Survival actions must be brought by the deceased person's "executor or administrator against the wrongdoer." *Id.* § 16-62-101(a)(1). Electa Branch argues only that she was the administrator of the estate.

Rule 60 of the Arkansas Rules of Civil Procedure sets a 90-day period for courts to modify or vacate a judgment or order of the court. This 90-day period applies to probate proceedings. *See Bullock v. Barnes*, 366 Ark. 444, 450, 236 S.W.3d 498, 502 (2006). Outside of this 90-day period, courts lose jurisdiction to modify or vacate prior orders, except in limited, enumerated circumstances. *See Prickett v. Hot Spring Cty. Med. Ctr.,* 2010 Ark. App. 282, 6, 373 S.W.3d 914, 918 (2010); Ark. R. Civ. Proc. 60(c). The order reopening the estate was entered more than a year

after the original order approving final distribution of estate assets and discharging Electa Branch as administrator.  The circuit court was without jurisdiction to enter the order reopening the estate, which means that Electa Branch does not have the necessary standing to bring this action, and the complaint purportedly filed on behalf of the Estate of Willie Branch, Jr., is a nullity.  *See Johnson v. Greene Acres Nursing Home Ass'n*, 364 Ark. 306, 312, 219 S.W.3d 138, 142 (2005) (holding that the appellant "had no standing to file a lawsuit on behalf of the estate, and the complaint that he filed against the appellees on July 25, 2003, was a nullity"); *see also Williams v. Bradshaw*, 459 F.3d 846, 849 (8th Cir. 2006).

The defendant's motion for summary judgment is GRANTED.  Document #10.

IT IS SO ORDERED this 13th day of November, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE