# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

ELECTA BRANCH, as Administrator of the　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
ESTATE OF WILLIE BRANCH, JR., Deceased

v.　　　　　　　　　　　　　　　　No. 4:17CV00429 JLH

MATTHEW D. COX, M.D.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANT

## OPINION AND ORDER

On July 7, 2015, Willie Branch, Jr., died following complications from surgery. On July 5, 2017, acting on behalf of the Estate of Willie Branch, Jr., Electa Branch commenced this wrongful-death and survival negligence action against Matthew D. Cox. She alleged that Cox failed to provide competent medical care to Willie Branch both during and after the surgery. Cox moved for summary judgment, arguing that Electa Branch did not have standing to bring these claims and, as a consequence, Arkansas's two-year statute of limitations had run. That motion was granted. Electa Branch has now moved for reconsideration.

Electa Branch was appointed administrator of the estate on September 25, 2015, by the Circuit Court of Mississippi County. On August 22, 2016, the circuit court entered an order approving final distribution of estate assets and discharging Electa Branch as administrator of the estate. Electa Branch filed the complaint in this suit on July 5, 2017. On October 31, 2017—after Cox moved for summary judgment in this case—Branch obtained an order from the circuit court reopening the estate *ab initio*, citing the potential survival and wrongful-death claims.

Arkansas law sets a two-year statute of limitations on all medical-injury claims. Ark. Code Ann. § 16-114-203. If Electa Branch had standing to commence this action on July 5, 2017, then it was filed within the limitations period. If not, the claim is barred.

Cox argued and still argues that Electa Branch did not have standing because she was not the administrator of the estate when the complaint was filed. When she responded to the motion for summary judgment, Electa Branch argued only that because the estate was reopened *ab initio*, it is as though it were never closed and as though she had never been discharged as the administrator. She did not address the issue of whether the probate court had jurisdiction to reopen the estate and reappoint her *ab initio*.

In the Opinion and Order granting the defendant's motion for summary judgment, this Court relied upon Rule 60 of the Arkansas Rules of Civil Procedure, which sets a 90-day period for courts to modify or vacate a judgment or order of the court, holding that this 90-day period applies to probate proceedings, citing *Bullock v. Barnes*, 366 Ark. 444, 450, 236 S.W.3d 498, 502 (2006), and *Prickett v. Hot Spring Cty. Med. Ctr.,* 2010 Ark. App. 282, 6, 373 S.W.3d 914, 918 (2010). Because the order reopening the estate was entered more than a year after the original order approving final distribution of estate assets and discharging Electa Branch as administrator, this Court held that the circuit court was without jurisdiction to enter the order reopening the estate. As a result, this Court held that Electa Branch did not have the standing to bring this action, and the complaint purportedly filed on behalf of the Estate of Willie Branch, Jr., was a nullity, citing *Johnson v. Greene Acres Nursing Home Ass'n*, 364 Ark. 306, 312, 219 S.W.3d 138, 142 (2005), and *Williams v. Bradshaw*, 459 F.3d 846, 849 (8th Cir. 2006).

In her motion for reconsideration, Electa Branch has addressed the authority of the circuit court to reopen the probate proceedings. She argues that *Bullock* stands for the proposition that Ark. Code Ann. § 28-53-119 authorizes a circuit court to reopen a probate estate without regard to the time limitations in Arkansas Rule of Civil Procedure 60. The statute provides:

2

(a)(1) If, after an estate has been settled and the personal representative discharged, other property of the estate is discovered, or if it appears that any necessary act remains unperformed on the part of the personal representative, or for any other proper cause, the court, upon the petition of any person interested in the estate and without notice or upon such notice as it may direct, may order that the estate be reopened.

(2) It may reappoint the personal representative or appoint another personal representative to administer such property or perform such act as may be deemed necessary.

(b) Unless the court shall otherwise order, the provisions of the Probate Code as to an original administration shall apply to the proceedings had in the reopened administration so far as may be appropriate. However, no claim which is already barred can be asserted in the reopened administration.

Ark. Code Ann. § 28-53-119. Electa Branch cites *Moore v. First Presbyterian Church of Searcy, Ark.*, 2010 Ark. App. 269, an unpublished opinion from the Arkansas Court of Appeals, which interpreted *Bullock* as she does.

Cox relies on *Prickett*, which, in contrast to *Moore*, cited *Bullock* for the proposition that the 90-day limitation period of Rule 60 applies for setting aside orders, decrees, and judgments issued by a probate court. It was decided by a different panel of the Arkansas Court of Appeals on the same day as *Moore*.[1] In *Prickett*, however, the relationship between Rule 60 and section 28-53-119 was not addressed. There, based on a specific set of facts not present here, the circuit court presiding over the probate case ruled that the order by which the estate was closed was improper, which meant the estate had never been closed. No motion to reopen was ever filed, and section 28-53-119 was not addressed. The circuit court presiding over the tort case in *Prickett* held that the probate court was without jurisdiction to issue the order upon which the administrator relied, and the Arkansas Court of Appeals agreed. 2010 Ark. App. 282 at *5, 373 S.W.3d at 917. Although

---

[1] Both opinions were issued on March 31, 2010, and both denied rehearing on May 12, 2010.

3

*Prickett* is similar to the instant case in that an administrator of an estate filed a complaint for wrongful death after an order closing the estate had been entered, procedurally it differs from the instant case because there no petition to reopen the estate under section 28-53-119 was filed. This Court erred in relying on *Prickett* as authority in this case.

In *Bullock* a putative heir filed a motion to reopen the administration of a closed decedent's estate, citing Ark. Code Ann. § 28-53-119(a)(1). The administrator argued that Rule 60 barred that motion. *Id*. at 449, 236 S.W.3d at 502. Relying on the last sentence of section 28-53-119(b), he argued that the grounds for reopening the estate were time-barred under Rule 60. In the conclusion to its opinion, the supreme court held that the petition to reopen the estate "was time-barred under Rule 60 or Ark. Code Ann. § 28-53-119(b)." *Bullock* is not entirely clear as to the relationship between section 28-53-119 and Rule 60. The court in *Bullock* stated that the putative heir had failed to establish the grounds for reopening an estate under section 28-53-119, but the court made that statement within the context of its Rule 60 analysis. Nevertheless, *Moore* construed *Bullock* to hold that when section 28-53-119 applies, the time limitations in Rule 60 do not apply. Even if the rationale of *Bullock* is difficult to follow on that point, the ultimate conclusion reached by the court in *Moore* appears sound, as will be explained.

Arkansas Rule of Civil Procedure 81(a) provides:

These rules shall apply to all civil proceedings cognizable in the circuit courts of this state except in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply.

Section 28-53-119 falls within the scope of Rule 81(a) because it is a statute that creates a remedy and provides a different procedure than Rule 60. *Cf. Helena Regional Med. Ctr. v. Wilson*, 362 Ark. 117, 207 S.W.3d 541 (2005) (holding that the procedures in Ark. Code Ann. §§ 28-1-115 and 28-1-

4

116 related to modifying or vacating prior orders and filing notices of appeal differ from the corresponding procedures in the Arkansas rules and therefore governed instead of the rules). Section 28-53-119 applies when an estate has been settled and the personal representative is discharged if "other property of the estate is discovered, or if it appears that any necessary act remains unperformed on the part of the personal representative, or for any other proper cause[.]" Ark. Code Ann. § 28-53-119(a)(1).[2] In *Bullock*, the putative heir who moved to have the estate reopened failed to show grounds for reopening under section 28-53-119: she failed to show that other property had been newly discovered, that the administrator had failed to perform a necessary act, or that some other similar cause justified reopening the administration of the estate. Her first allegations included an improper sale or exchange of bank stock to the executor and a lack of notice on the petition for final distribution. Those grounds might have been cognizable under Rule 60(a) as errors, mistakes, or the miscarriage of justice, but they were barred by the 90-day limitation in that rule. She subsequently alleged fraud, which might have justified reopening the estate under Rule 60(c)(4), but the undisputed facts established that there was no fraud.

Subsection 2(b) of the statute provides that unless otherwise ordered, the provisions of the probate code as to an original administration apply to the reopened administration, except, "no claim which is already barred can be asserted in the reopened administration." In context, that sentence means that if a claim is barred by provisions of the probate code that applied to the original administration, those claims remain barred even if the court orders that new provisions of the

---

[2] The phrase "any other proper cause" should be construed according to the canon of *ejusdem generis* to mean a cause similar to the two preceding causes in the list.

probate code should apply to the reopened administration. That sentence does not incorporate by reference the 90-day limitation period in Rule 60(a).

On this interpretation of *Bullock*, section 28-53-119, and the Arkansas Rules of Civil Procedure, the circuit court had jurisdiction to reopen the estate and reappoint Electa Branch as administrator of the estate. Here, the circuit court found that potential survival and wrongful-death claims exist that must be pursued by the administrator of the estate on behalf of the estate and the decedent's heirs. Document #20-2 at ¶4. That finding amounts to a determination that a necessary act remains unperformed on the part of the personal representative, which brings this case within the purview of section 28-53-119. The 90-day limitation on motions to vacate, set aside or correct a judgment under Rule 60(a) therefore does not apply. *See* 2 Arkansas Civil Prac. & Proc. § 31.7 n.11 (5th ed.).

That conclusion does not, however, end the inquiry. The fact remains that on July 5, 2017, when the complaint was filed two days before the statute of limitations ran, Electa Branch was not the administrator of the estate. She had no standing to file that complaint, which means that she could not invoke this Court's jurisdiction. Although the circuit court had authority to reopen the estate, the question remains whether the circuit court, or any court, can retroactively change past facts. On this question, *Prickett* is on point. In *Prickett*, the estate had been closed, but the circuit court entered an order—after the wrongful death action had been filed and the defendant had moved for summary judgment on the grounds that the plaintiff had no standing—declaring *ab initio* that the estate had never been closed. That order was declared to be void. 2010 Ark. App. 282 at *6, 373 S.W.3d at 918. Here, likewise, although the circuit court had the authority to reopen the estate and

6

reappoint Branch, it did not have the authority to declare that she had standing on July 5, 2017, when in fact she did not.

The court in *Paradise Creations, Inc. v. U V Sales, Inc.*, No. 00-8898-CV, 2001 WL 34092700, at *3 (S.D. Fla. Nov. 13, 2001), summarizes the law of standing well.

> Federal law specifically provides that standing is determined by "the longstanding principle that 'the jurisdiction of the Court depends upon the state of things at the time of the action brought.'" *Keene*, 508 U.S. at 207 (quoting *Mullen v. Torrance*, 22 U.S. 537, 539 (1824)); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989) (stating "existence of federal jurisdiction ordinarily depends upon the facts as they existed when the complaint is filed"). Attempts to circumvent this principle have been squarely rejected. *See Lujan*, 504 U.S. at 569 n.4 (stating that a plaintiff cannot retroactively create an aspect of standing, such as redressability, "that did not exist at the outset"); *Denberg v. United States R.R. Ret. Bd.*, 696 F.2d 1193, 1197 (7th Cir. 1983) (stating "[j]urisdiction cannot be obtained retroactively"); *Matos v. Secretary of the Dep't of Health and Human Servs.*, 35 F.3d 1549, 1553 (Fed. Cir. 1994) (stating that "[t]he jurisdictional defect in this case cannot be cured by a nunc pro tunc order, because such an order cannot change the fact [that jurisdiction was lacking at the time the federal action was filed]").

The law summarized here invokes the principle of noncontradiction, which "is an indispensable condition of rational thought." Patrick Wiseman, *Ethical Jurisprudence*, 40 Loyola L. Rev. 281, 297 (1994). As Aristotle explained more than two millennia ago,

> [I]t is not possible that what is past should not have happened. Therefore, Agathon is right when he says:
>
>> One thing alone is denied even to god:
>> to make undone the deeds which have been done.

Aristotle, Nicomachean Ethics, Book 6, Chapter 2 (Martin Ostwald, Transl.) (1962).

For the reasons stated, the motion for reconsideration is DENIED. Document #20.

IT IS SO ORDERED this 18th day of January, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE